2258.   SNIPES *v.* ATLANTA & WEST POINT RAILROAD COMPANY *et al.*

Where a corporation is sued in its corporate name generally, and also as lessee of another corporation, for a tort committed jointly by the corporation individually and as lessee, service of process properly made upon an agent of the corporation is good against it in both capacities. It is only necessary that the corporation itself shall be informed of the suit against it; and for this purpose it is unnecessary to serve it with process both as a corporation generally and as lessee. The whole purpose of service is accomplished by service of process upon it as a corporation.

Action for damages; from city court of Atlanta—Judge Reid. October 18, 1910.

Submitted December 21, 1909.—Decided May 12, 1910.

*Lamar Hill,* for plaintiff.

*Tye, Peeples & Jordan, Dorsey, Brewster, Howell & Heyman, McDaniel, Alston & Black,* for defendants.

HILL, C. J.   The plaintiff in error brought suit in the city court of Atlanta against the Atlanta & West Point Railroad Company, the Louisville & Nashville Railroad Company, and the Atlantic Coast Line Railroad Company and the Louisville & Nashville Railroad Company, lessees of the Georgia Railroad & Banking Company. The petition alleges, that "the Atlanta & West Point Railroad Company and the Louisville & Nashville Railroad Company each operate lines of railroad in Fulton County, Georgia;" that "the Louisville & Nashville Railroad Company and the Atlantic Coast Line Railroad Company jointly, as lessees, operate the line of what was formerly the Georgia Railroad and Banking Company,"

and that all of the defendants, both as individual corporations and as joint lessees of the Georgia Railroad & Banking Company, have lines of track in Fulton county, Georgia, and do business therein, and have officers and agents therein.   The petition further alleges, that the defendants have entered into a joint agreement whereby they jointly operate the depots, tracks, and locomotives in the city of Atlanta, known as the "Atlanta Joint Terminals," and that by said agreement the said defendants have employed a general yard-master whose duty it is to employ and discharge engineers, firemen, switchmen, conductors, etc., in the name of the Atlanta Joint Terminals, composed, as is alleged, of the defendants hereto.   The suit is to recover damages for personal injuries against all of the defendants, caused by the negligence of their agent in the per-formance of his work in the yards of the Atlanta Joint Terminals. The process in the case was as follows: "State of Georgia, County of Fulton.   L. J. Snipes *vs.* Atlanta & West Point Railroad Com-pany, Louisville & Nashville Railroad Company, and Atlantic Coast Line Railroad Company.   To the sheriff or his deputy of said county, greeting:  The defendants are hereby required, personally or by attorney, to be and appear at the city court of Atlanta," etc. There was a return of service as follows: "Georgia, Fulton County. I have this day served the defendants the Louisville & Nashville Railroad Company and the Atlantic Coast Line Railway Company, corporations, lessees of and operating the Georgia Railroad, a corporation, by serving George I. Walker, the agent of said Louis-ville & Nashville Railroad Company, and the Atlantic Coast Line Railway Company, by leaving a copy of the within petition and process with H. C. Jameson, chief clerk, at the depot and place of doing business of said corporation in Fulton county, Georgia. This June 18th, 1908.   Dan Perkerson, D. Shff."   The Atlanta & West Point Railroad Company was duly served by service upon the president of the corporation, and filed an answer.   "The Louis-ville & Nashville Railroad Company and the Atlantic Coast Line Railroad Company, lessees of the Georgia Railroad & Banking Company," appeared and answered the petition.   The Louisville & Nashville Railroad Company entered a special appearance, and moved to dismiss the petition as against it, for want of service, because it appeared from the return of service that "said service was intended to be and was upon the joint defendants, the Louis-

ville & Nashville Railroad Company and the Atlantic Coast Line
Ry. Co., as lessees," and this service was not a good service upon
the Louisville & Nashville Railroad Company as a corporation
"separately and apart from its being a joint lessee with the Atlantic
Coast Line Railroad Company." The court sustained the motion
and dismissed the petition as to the Louisville & Nashville Railroad
Company. Thereupon the Louisville & Nashville Railroad
Company and the Atlantic Coast Line Railroad Company, lessees
of the Georgia Railroad and Banking Company, moved orally to
dismiss the case against them, because, as it had been dismissed
against one of the defendants, it could not be maintained against
the others. The court sustained the motion and dismissed the case;
and error is assigned upon both judgments.

We think the court erred in holding that the service was
not good upon the Louisville & Nashville Railroad Company. This
defendant was sued jointly with the others, and the process was
directed against it as well as against the others. The return of the
deputy sheriff showed that he had served "the Louisville & Nash-
ville Railroad Company and the Atlantic Coast Line Railway Com-
pany, corporations, . . by serving George I. Walker, the
agent of said Louisville & Nashville Railroad Company" and had
served "the Atlantic Coast Line Railway Company, by leaving
a copy of the within petition and process with H. C. Jameson,
chief clerk, at the depot and place of doing business of said corpo-
ration in Fulton county, Georgia." The distinct statement made by
the officer is that he served the Louisville & Nashville Railroad
Company by serving its agent, George I. Walker, and served the
Atlantic Coast Line Railway Company by service upon its agent,
H. C. Jameson. It was immaterial to the validity of this service
that the return showed that in addition to being served in their
individual capacity, these corporations were also served as "lessees
of and operating the Georgia Railroad, a corporation." Notice
was given to them that they were each sued, not only as individual
corporations, but also in their capacity as lessees of the Georgia
Railroad; and any judgment against them in their individual
capacity would bind all of their individual estate and also the
leasehold estate. The only purpose of service is to give the de-
fendant notice of the suit, and prevent a judgment against him
without his having been given an opportunity to be heard. The

Louisville & Nashville Railroad Company was notified by this service that suit was pending against it, both in its capacity as a corporation generally, and as a lessee of the other corporation. It seems to us entirely too technical to hold that the service in this case was not good because, in addition to being made upon the corporation itself as a corporation, it was also made upon the same corporation as a lessee. Even if made upon the corporation itself and not upon the corporation as lessee, it would be good against the corporation both as such and as lessee. If John Smith is sued as an individual and as lessee of a corporation, and service of process is made on John Smith, the service is also good against John Smith in his capacity as lessee, and a judgment against John Smith in the suit would bind all of his property, whether held in fee, leasehold, or otherwise. The words "lessees of the Georgia Railroad" are simply descriptio personæ. If the service in this case was not good upon either defendant, it seems that it would not be good upon the corporation as a lessee of the Georgia Railroad, for it is expressly stated in the return that the corporation was served by service upon its agent named.

The view we entertain of the first assignment of error makes a decision of the second unnecessary. *Judgment reversed.*